**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TimberStone Management LLC, an Illinois Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. 14-cv-5502 |
| v. | ) ) |
| Idaho Golf Partners, Inc., an Idaho Domestic Corporation, | ) ) |
| Defendant. | ) |

Plaintiff, TimberStone Management, LLC, by and through its counsel, files its Complaint

for Damages and Injunctive Relief and states and alleges as follows:

**PARTIES**

1.      Plaintiff, TimberStone Management LLC ("TM") is an Illinois Limited Liability

Company, with its principal place of business in Iron Mountain, Michigan.  TM owns and operates

the TimberStone Golf Course ("TimberStone"), a Jerry Matthews[1] designed 6,973-yard, par-72

layout golf course located in Iron Mountain, Michigan.[2]  Since approximately June 1, 1996, the

"TIMBERSTONE" trade name and mark (the "TIMBERSTONE Mark") has been used in

commerce to identify TimberStone. Since its inception, the TIMBERSTONE Mark has always

been used and associated with TimberStone and its golf course services. Prior to the inception of

TimberStone, the TIMBERSTONE Mark had never been used in commerce to identify any golf

courses and/or any golf-related services anywhere in the United States.

2.      In addition to the TIMBERSTONE Mark, TM regularly uses several other

trademarks and service marks in commerce concurrently to identify and distinguish TimberStone

as source of various golf course products and services throughout the United States.  Examples of

---

[1] Jerry Matthews is an American Society of Golf Course Architects Member and Past President.
[2] From 1996-2006, the Peninsula Beverage Company (TM's "Predecessor") owned and operated TimberStone.

these marks include TIMBERSTONE, TIMBERSTONE GOLF COURSE, TIMBERSTONE AT PINE MOUNTAIN, TIMBERSTONE GOLF, TIMBERSTONE GOLF ACADEMY, TIMBERSTONE G.C., and from time to time, TM displays the TIMBERSTONE Marks by displaying "TimberStone" as a single word with a capital letter "T" and capital letter "S" (collectively, the "TIMBERSTONE Marks").

3.    TM acquired its rights and its Predecessor's history in using in the TIMBERSTONE Mark and TIMBERSTONE Marks, together with its trade name, goodwill, domain name, www.timberstonegolf.com (the "TIMBERSTONE Website"), web content, and all intellectual property rights associated with TimberStone (collectively, the "TIMBERSTONE Brand"), when it purchased TimberStone in 2006.[3]

4.    TM owns the United States Trademark Registration[4] for the "TIMBERSTONE Mark" (the federally registered "TIMBERSTONE Mark"[5] is referred to herein as "TIMBERSTONE®") for its golf course (the "TIMBERSTONE Registration").[6] (A copy of the TIMBERSTONE® Certificate of Registration is attached hereto and incorporated herein as Exhibit 1.)[7]

5.    Defendant, Idaho Golf Partners, Inc. ("IGPI"), is an Idaho Domestic Corporation located and doing business in Caldwell, Idaho.  IGPI owns and operates the TimberStone Golf

---

[3] TM's Predecessor exercised its rights in the TIMBERSTONE Mark continuously and without interruption from 1996 through July 31, 2006.

[4] The Lanham Act provides that a certificate of registration of a mark on the Principal Register "shall be *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate." 15 U.S.C. §1057

[5] In prosecuting TM's Service Mark Application prior to issuing the TIMBERSTONE Registration, the United States Patent and Trademark Office  ("USPTO") stated that the TIMBERSTONE Mark "appears to be ***inherently distinctive*** and thus, eligible for registration on the Principal Register without proof of acquired distinctiveness."

[6] TIMBERSTONE® is the subject of U.S. Registration No. 4,348,803, a standard characters for International Class 041, golf courses.

[7] TIMBERSTONE® is a standard character mark and as such provides federal protection for TIMBERSTONE® in any manner of presentation with regard to golf courses and related services.

Course (the "IGPI Course") in Caldwell, Idaho.  The IGPI Course opened to the public on or about July 6, 2011.[8]

6.     On information and belief, IGPI owns and maintains the website located at www.playtimberstone.com (the "Infringing Website") from which IGPI promotes and coordinates golf course related services on the Internet and through web-based interfaces from which customers may make reservations to play golf at the IGPI Course, including transactions originating from the State of Illinois.

**NATURE OF THE ACTION**

7.     Since long before the acts of IGPI described herein, TM continuously and prominently displayed, advertised and marketed TimberStone and its services under the TIMBERSTONE Mark and TIMBERSTONE Marks across the United States through various national, regional, local, and other media platforms, including the TIMBERSTONE Website. Without TM's authorization or consent, and despite TM's multiple requests to cease and desist from the same, IGPI has and continues to incorporate TM's TIMBERSTONE®, TIMBERSTONE Mark and certain of the TIMBERSTONE Marks in their entireties on the Internet, through social media accounts, and in connection with the IGPI Course.

8.     This is an action for: (1) trademark infringement in violation of §32 of the Trademark Act of 1946, as amended (the "Lanham Act,' 15 U.S.C. §§1051, *et seq.*), 15 U.S.C. §1114; (2)  trademark infringement in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a); (3) trademark infringement in violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c); (4) cybersquatting; (5)  trademark dilution in violation of the Illinois Trademark Registration and

---

[8] *History of TimberStone Golf Course*, http://www.playtimberstone.com/course/history-of-timberstone-golf-course/; *but see also*, Tom Fox, *A true 'labor of love'*, Idaho Press-Tribune (Jul. 3, 2011), available at http://www.idahopress.com/sports/a-true-labor-of-love/article_bfa57c76-a548-11e0-807d-001cc4c002e0.html.

Protection ninety Act, 765 ILCS 1036/65; (6) deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; and (7) common law unfair competition, including as recognized in the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/80.

9.     TM seeks injunctive, declaratory, and monetary relief including damages, profits Defendant derived from its unauthorized service mark use, attorney's fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 1446; and 15 U.S.C. §§1116 and 1121.

11.     This Court has supplemental or pendant jurisdiction over state law claims under 28 U.S.C. §1367(a).

12.     This Court has personal jurisdiction over Defendant, in that the Defendant transacts business via the Internet with residents of Illinois and foreign jurisdictions.

13.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a), in that the Defendant is an entity subject to the personal jurisdiction in this judicial district.

14.     The TIMBERSTONE Registration for TIMBERSTONE® on the Principal Register, has not been abandoned, canceled, or revoked, is valid, subsisting and constitutes *prima facie* evidence of TM's exclusive right to use TIMBERSTONE® in connection with the services specified in the registration, specifically: golf courses in International Class 041; and serves as constructive notice of TM's ownership of the mark under 15 U.S.C. §§2057, 1065, 1072 and 1115.

15.     Throughout its history, the TIMBERSTONE Marks have always and continue to distinguish TM as the source of its products and services, is inherently distinctive, symbolizes business goodwill of TM, and represents an intangible asset of substantial commercial value.

## ALLEGATIONS COMMON TO ALL COUNTS

## TIMBERSTONE'S HISTORY & DEVELOPMENT

16.     Since at least as early as 1996, TM has acquired and expanded common law rights in the TIMBERSTONE Marks for golf courses through its substantial national promotional and advertising efforts relating to TimberStone, the TIMBERSTONE Mark, TIMBERSTONE Marks and the TIMBERSTONE Brand.  TM has exercised its rights in the TIMBERSTONE Mark and TIMBERSTONE Marks in commerce continuously, extensively, and without interruption.

17.     After a year of construction, advertising and promotion, TimberStone first opened to the public on June 1, 1997.

18.     TimberStone quickly gained a reputation as a world-class championship golf course through its nationwide advertising, marketing efforts, awards, accolades and consistent recognition in various national publications and magazines.

19.     The TIMBERSTONE Website provides information about TimberStone, its pricing structure, news, events, offers direct and indirect sales, and accommodates reservation requests from prospective TimberStone golfers.  The TIMBERSTONE Website has been active at all times since launching on October 25, 1997.

20.     Throughout its history and presently, TM invests in additional domain names containing the TIMBERSTONE Mark and/or words associated with golf courses in registering the www.timberstonerealestate.com,    www.timberstonegolfcourse.com,    www.timberstonegolfclub

.com, www.timberstonegolfacademy.com and www.playtimberstonegolf.com (collectively, the "TIMBERSTONE Domain Names").

21.     Throughout its history and presently, the TIMBERSTONE Marks are used in commerce through TM's licensees on various golf-related items including, among other things, golf hats, shirts, outerwear, apparel, golf gloves, golf balls, ball markers, divot repair tools, golf cart signage, souvenirs, and other similar items.[9]

22.     Throughout its history and presently, TM sponsors and hosts numerous high-profile national and regional events, leagues, programs, and tournaments through which the TIMBERSTONE Marks and TIMBERSTONE Brand receive considerable public exposure, media coverage, and recognition across the United States.

23.     Throughout its history and presently, TM spends thousands of dollars each year to advertise itself in national golf and travel magazines.

24.     *Golfweek* is a national print-based magazine. *Golfweek* also utilizes the website www.golfweek.com. TimberStone, under the TIMBERSTONE Mark and TIMBERSTONE Marks, has appeared in both print and web-based features in *Golfweek* at least once annually from 2009 through 2014.[10]

25.     *GolfDigest* is a national print-based magazine. *GolfDigest* also utilizes the website www.golfdigest.com. TimberStone, under the TIMBERSTONE Mark and TIMBERSTONE Marks, has regularly appeared in both print and web-based features in *GolfDigest* on multiple occasions, since as early as 1998.  TM's TimberStone® golf course information appears in the *GolfDigest* "Golf Course Finder" directory at http://courses.golfdigest.com.[11]

---

[9] Examples of TM's licensed TIMBERSTONE products are attached hereto and incorporated herein as Exhibit 2.
[10] *Search Results*, Golfweek, http://golfweek.com/searches/?q=timberstone.
[11] *Compare Golf Courses*, GolfDigest, http://courses.golfdigest.com/.

26.     TimberStone has twice received a 5-star rating from *GolfDigest*, a designation that according to *GolfDigest* means that TimberStone provides "Golf at its absolute best. Pay any price at least once in your life."

27.     In 2008, the second time *GolfDigest* bestowed its 5-star rating upon TimberStone, only 24 out of 6,000 golf courses in North America shared the designation.[12]

28.     TimberStone, under the TIMBERSTONE Marks, regularly appears in national publications and travel resources, including, for example:

    a.  1998:  TimberStone earns its place as *GolfDigest* Magazine's "#3 Best New Upscale Public Course";

    b.  February, 2000:  Hole 6 at TIMBERSTONE receives Honorable Mention in *GolfDigest* Magazine's "America's Best 18 Holes" feature;[13]

    c.  2000:  TimberStone is among the "Top 100 Fairways for Women to Play" according to *Golf for Women*;

    d.  2004:  TimberStone attains its first "5-star" rating from *GolfDigest* Magazine as one of the publication's "Best Places to Play";

    e.  2004:  Michigan Golf Course Owners Association votes TimberStone as the 2004 "Golf Course of the Year" in the State of Michigan by *Michigan Golfer* Magazine;[14]

    f.  2008: TimberStone attains its second "5-star" rating by *Golf Digest* Magazine, only 24 out of 6,000 golf courses evaluated received a five-star rating;

---

[12] A complete list of all 24 courses earning a 5-star rating is attached hereto and incorporated herein as Exhibit 3.
[13] Dan Jenkins & Ron Whitten, *America's Best 18 Holes*, Golf Digest (Feb. 2000), available at http://www.golfdigest.com/magazine/2007-06/jenkins_gd0002?currentPage=2.
[14] http://www.golf-designs.com/ww-international/i-press.html#MI_GOLFER1

g.   August 9, 2008:  *Golf.com* lists TimberStone as one of the best golf courses you can play in Michigan;[15]

h.   July 27, 2009:   *Golfweek* features TimberStone in its "Heartland hideaways: Michigan" article;[16]

i.   October 22, 2009: *GolfDigest* features TimberStone in its "The Loop: Northern Michigan revisited" article;[17]

j.   June 3, 2010: *Golfweek* features TimberStone in its "Gaming and golf combine at casino courses" article;[18]

k.   September 9, 2010: *Travel Golf* features TimberStone as a "can't miss" destination;[19]

l.   March 10, 2011: *Golfweek* names TimberStone as one of the "Best Courses You Can Play" across the United States;[20]

m.   November 2, 2011: *Golfweek* ranks TimberStone among its 2012 *Best Resort Courses*;[21]

---

[15] *Golf.com*, Golf Magazine (Aug. 9, 2008), available at http://www.golf.com/courses-and-travel/best-public-golf-courses-michigan.

[16] Evan Rothman, *Heartland hideaways: Michigan*, Golfweek (Jul. 27, 2009), http://dev.golfweek.com/news/2009/jul/27/heartland-hideaways-michigan/.

[17] *The Loop: Northern Michigan revisited*, Golf Digest, (Oct. 22, 2009), http://www.golfdigest.com/blogs/the-loop/2009/10/northern-michigan-revisited.html.

[18] Evan Rothman, *Gaming and golf combine at casino courses,* Golfweek (Jun. 3, 2010), http://golfweek.com/news/2010/jun/03/gaming-and-golf-las-vegas/

[19] Bailey, Mike, *Marquette, Sweetgrass, TimberStone: An unforgettable UP triple play makes for a special Michigan golf trip*, Travel Golf (Sept. 9, 2010), http://www.travelgolf.com/articles/3-upper-peninsula-gems-michigan-11625.htm.

[20] Golfweek Staff, *Golfweek's Best Courses You Can Play*, Golfweek (Mar. 10, 2011), http://golfweek.com/news/2011/mar/10/golfweeks-best-courses-you-can-play/.

[21] Golfweek Staff, *2012 Golfweek's Best Resort Courses*, Golfweek, (Nov. 22, 2011), http://golfweek.com/news/2011/nov/02/2012-golfweeks-best-resort-courses/.

n. March 25, 2012: *The Boston Globe Magazine* features TimberStone in its "Spring Travel" publication along with four other courses located in Alabama, Nevada, Florida, and Pennsylvania, respectively;[22]

o. September 2012: *GolfDigest* Magazine ranks TimberStone among its "Top 50 Most Fun Public Courses" across the United States;[23]

p. July 4, 2013: TIMBERSTONE ranks as a top golf course in a *Chicago Tribune* feature evaluating golf courses across the nation;[24]

q. November 1, 2013: TimberStone ranks as one of "*Golfweek*'s Best: Resort Courses, 2014";[25] and

r. April 1, 2014: TimberStone ranks among "*Golfweek*'s Best: State-by-State Courses You Can Play."[26]

29.     TM has built the TIMBERSTONE Brand and longstanding national reputation for providing a premier golf experience at TimberStone by implementing and adhering to strict quality control standards, through its commitment to customer service, and world-class golf instruction programs that are unique to TimberStone.

30.     For example, TimberStone's head golf instructor and Director of Golf (the "Director of Golf") is responsible for planning, developing, supervising, and providing all such

---

[22] Ron Driscoll, *Spring Travel: 5 golf destinations that will save you some green, These US destinations offer outstanding playing opportunities*, The Boston Globe Magazine (Mar. 25, 2012), available at http://www.bostonglobe.com/magazine/2012/03/24/golf-vacations-that-will-save-you-some-green/0zjq9hTfrP72p96iLki72L/story.html.

[23] Peter Finch, *Most Fun Golf Courses*, GolfDigest (September 2012), available at http://www.golfdigest.com/golf-courses/2012-09/most-fun-golf-courses-intro.

[24] Dan Vukelich, *Great golf from a chip shot to a drive, Nationally ranked spots near Chicago*, Chicago Tribune (Jul. 4, 2013), available at http://articles.chicagotribune.com/2013-07-04/travel/ct-trav-0707-midwest-golf-20130704_1_golf-digest-tom-fazio-gary-player.

[25] *Golfweek's Best: Resort Courses, 2014*, Golfweek (Nov. 1, 2013), http://golfweek.com/news/2013/nov/01/golfweeks-best-resort-courses-2014/.

[26] Golfweek Staff, *Golfweek's Best: State-by-State Courses You Can Play* (Apr. 1, 2014), http://golfweek.com/news/2014/mar/19/golf-courses-golfweeks-best-state-by-state-2014/?print.

instructional programming, which include group golf lessons, private golf lessons, a golf academy, and various golf clinics.

31.     To this end, in its Director of Golf, TM has retained the talents of an instructor holding the highest professional designation available to a Professional Golf Association ("PGA") instructor (a PGA of America Class A Professional), who has also won three National Awards from the PGA in being named to the PGA President's Council on Growing the Game in each of the years 2006, 2008, and 2010.

32.     TM also regularly attracts nationally recognized golf instructors and talent at TimberStone by using the TIMBERSTONE Mark, TIMBERSTONE Marks, and goodwill associated with the TIMBERSTONE Brand.

33.     By way of example, Donald Crawley, a nationally recognized golf instructor twice honored as PGA Teacher of the Year, named a *GolfDigest* Magazine "Best Instructor" in the State of Arizona; and honored as one of the Top 100 Teachers in America according to *Golf* Magazine, will return to TimberStone on July 18-20, 2014 to co-sponsor a new "GolfSimplified On Course Program" and similar specialized instruction programs at TimberStone.

The TIMBERSTONE Mark is famous throughout the United States.  Today and throughout its history, TM welcomes golfers from across the United States and beyond.

34.     As a result of TM's longstanding, extensive, and widespread marketing and promotion of the TIMBERSTONE Brand, TimberStone is regularly ranked among the best courses in golf and is an exclusive resort golf destination and the TIMBERSTONE Mark is widely recognized by the general consuming public as the designation of source for TimberStone.

## IGPI'S HISTORY & WILLFUL INFRINGEMENT OF THE TIMBERSTONE® MARK

35. For well over a decade before the opening of IGPI's business, TM used the TIMBERSTONE Mark, TIMBERSTONE Marks and TIMBERSTONE Brand extensively and continuously for its TimberStone golf course and related services.

36. IGPI is not, and has never been, licensed or otherwise authorized by TM to use the TIMBERSTONE Brand, or any other name, mark or domain name confusingly similar to TIMBERSTONE®, the TIMBERSTONE Mark and/or the TIMBERSTONE Marks in connection with the IGPI Course.

37. Unbeknownst to TM, however, in or about February of 2011, IGPI obtained the assumed business name "TimberStone Golf Course" from the Idaho Secretary of State, and began using marks identical or confusingly similar to TM's TIMBSERSTONE Mark and TIMBERSTONE Marks to promote the IGPI Course and related services.

38. On or about July 6, 2011, and without the consent of TM, IGPI opened the IGPI Course under the same "TIMBERSTONE" name for the same or nearly identical product, namely an 18-hole championship golf course and related services as TM.

39. On information and belief, IGPI deliberately chose the name and mark "TimberStone Golf Course" to create confusion and the false appearance of endorsement or sponsorship by, or affiliation with, TM. IGPI furthers this confusion by displaying the word "TimberStone" as a single word with a capital letter "T" and capital letter "S" in a manner that resembles the style of TM's use of its TIMBERSTONE®, TIMBERSTONE Mark, and TIMBERSTONE Marks.

40. On or about April 19, 2011 IGPI registered the domain name for the Infringing Website.

11

41.     IGPI displays TIMBERSTONE®, the TIMBERSTONE Mark and certain of the TIMBERSTONE Marks prominently on its golf course-related products, on promotional materials for such products and on each page of its Infringing Website in a manner that is confusingly similar to TM's continuous use of TIMBERSTONE®.

42.     IGPI and the Infringing Website also display the TIMBERSTONE Mark and certain of the TIMBERSTONE Marks According to the Infringing Website the IGPI Course provides "an outstanding public 18-hole championship golf course located Canyon County surrounded by scenic views – simply spectacular!"

43.     On information and belief, IGPI's "most expensive" rate for a round of golf is less than half of TM's "most expensive" rate.  IGPI advertises its rates on its Infringing Website and through other means incorporating the TIMBERSTONE Mark and certain of the TIMBERSTONE Marks.  As a result, TM's customers have expressed confusion as to why TM's rates are so much higher than the IGPI Course.

44.     On information and belief IGPI also offers golf instruction. In contrast to TM's National Award-winning PGA of America Class A Professional as its Director of Golf, IGPI offers mere PGA "Apprentice" level instructor.  IGPI advertises its golf instruction on its Infringing Website and through other means incorporating the TIMBERSTONE Mark and certain of the TIMBERSTONE Marks.  As a result, TM's customers have expressed confusion as to what level of gold instruction is actually available at TimberStone.

45.     IGPI's golf course information also appears in the *GolfDigest* "Golf Course Finder" directory at http://courses.golfdigest.com.[27]  If a user enters the name "TIMBERSTONE" in the

---

[27] *Compare Golf Courses*, GolfDigest, http://courses.golfdigest.com/.

search box of *GolfDigest*'s "Golf Course Finder", both TimberStone® and IGPI Courses are returned as results. Unlike TM, IGPI has never attained a 5-star rating from *GolfDigest*.

46. IGPI's actions blatantly infringe upon TM's TIMBERSTONE®, TIMBERSTONE Mark and TIMBERSTONE Marks, and will continue to cause irreparable harm to TM's TIMBERSTONE Brand.

47. On multiple occasions, the social media website Facebook ("Facebook") has disabled IGPI's account for violating the Facebook Terms and Services relating to third party intellectual property rights.

48. As soon as TM discovered the IGPI Course, TM immediately sent IGPI a cease and desist letter. IGPI, however, refused to immediately cease and desist from using the TIMBERSTONE Marks. (Copies of TM's Cease and Desist Letter and IGPI's Response are attached hereto and incorporated herein as Exhibit 4 and Exhibit 5, respectively).

49. TM engaged in multiple discussions with IGPI between April 4, 2012 and July 19, 2013 demanding that IGPI cease using the TIMBERSTONE Marks to advertise the IGPI Course.

50. IGPI refused and continues to refuse to cease use of TM's famous TIMBERSTONE Brand.

51. On or about July 19, 2013, TimberStone became aware of a Facebook page advertising the "TimberStone Golf Course" in Caldwell, Idaho (the "Infringing Content"); TimberStone did not authorize use of the TimberStone® mark for a golf course in Caldwell, Idaho.

52. TM immediately reported the unauthorized use of TIMBERSTONE®, and Facebook removed or disabled access to the Infringing Content as a violation to its Terms and Services on that same day. (A copy of the report filed with Facebook on or about July 19, 2013

and e-mail correspondence from The Facebook Team are attached hereto and incorporated herein as Exhibit 6.)

53. On August 2, 2013, TM provided IGPI with a copy of TM's TIMBERSTONE Registration. (Copies of August 2, 2013 e-mail correspondence is attached hereto and incorporated herein as Exhibit 7.)

54. IGPI has also actively engaged in a scheme to deceive and confuse consumers by applying for and registering for State trademark and service mark rights from the Idaho Secretary of State in the TIMBERSTONE® and TIMBERSTONE Marks, and marks confusingly similar to the TIMBERSTONE MARKS. (Copies of all three of IGPI's State of Idaho Trademark Applications are attached hereto and incorporated herein as Exhibit 8.)

55. On August 19, 2013, almost immediately after IGPI had definitive actual knowledge of the TIMBERSTONE Registration and instead of ceasing its unauthorized use of TIMBERSTONE®, IGPI proceeded to apply for register TM's TIMBERSTONE Mark for itself in the exact same trademark classification as TM's TIMBERSTONE® and TIMBERSTONE Marks with the Idaho Secretary of State.

56. On September 3, 2013, still undeterred by the rights of TM in TIMBERSTONE® and the TIMBERSTONE Marks, IGPI also applied for and registered the "TIMBERSTONE GOLF COURSE IDAHO" mark with the Idaho Secretary of State in the exact same trademark classification as TM's TIMBERSTONE® and TIMBERSTONE Marks with the Idaho Secretary of State.

57. Between July 19, 2013 and April 2, 2014, unbeknownst to TM and despite being on notice of TM's TIMBERSTONE Registration, TM's demands that IGPI cease use of TIMBERSTONE® and the TIMBERSTONE Marks, IGPI created a new Facebook page without

TM's authorization or consent, again advertising the IGPI Course in Caldwell, Idaho under TIMBERSTONE® and the TIMBERSTONE Marks.

58.     On April 2, 2014, as soon as TM discovered the new Infringing Content, TM immediately filed a report with Facebook in an effort to police its exclusive rights to use TIMBERSTONE® and the TIMBERSTONE Marks for golf courses.  Facebook, for the second time, removed or disabled access to the new Infringing Content as a violation to its Terms and Services, on that same day.   (A copy of the e-mail correspondence from The Facebook Team is attached hereto and incorporated herein as Exhibit 9.)

59.     TM discovered the new Infringing Content when reviewing photographs that "tagged" on Facebook as TimberStone.  In this regard, a Facebook user posted images depicting TM's TimberStone to the now-disabled Facebook page identifying TimberStone with the IGPI Course.

60.     Actual confusion among TM's current and would-be customers has resulted from IGPI's unauthorized use of TIMBERSTONE®, the TIMBERSTONE Mark and TIMBERSTONE Marks.

61.     On April 7, 2014, IGPI offered TM $1,000.00 to acquire certain rights to continue using TIMBERSTONE®, the TIMBERSTONE Mark and the TIMBERSTONE Marks. (A copy of the April 7, 2014 e-mail correspondence from IGPI's attorneys is attached hereto and incorporated herein as Exhibit 10.)

62.     TM rejected IGPI's offer and confirmed that TM will not under any circumstance extend an open-ended license for TIMBERSTONE® or the TIMBERSTONE Marks.

63.     IGPI's intentional and unauthorized use of TimberStone®, the TIMBERSTONE Mark, TIMBERSTONE Marks and/or TIMBERSTONE Brand for the IGPI Course and related

services is diluting the strength and goodwill associated with TimberStone® and the TIMBERSTONE Marks.

64.     IGPI's actions are willful, intentional, and ongoing.

65.     TimberStone has retained the undersigned counsel for legal representation, and it is therefore obligated to pay said counsel a reasonable fee for that representation.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

66.     TM incorporates the allegations set forth in paragraphs 1 through 65 as if fully set forth herein.

67.     IGPI's use in commerce of TIMBERSTONE® and the TIMBERSTONE Marks in relation to the IGPI Course constitutes a reproduction, copying, counterfeiting and colorable imitation of TimberStone's famous TimberStone® name and trademarks in such a manner that is likely to cause confusion or mistake among, or is likely to deceive, consumers.

68.     IGPI's use in commerce of the TIMBERSTONE® and the TIMBERSTONE Marks, and marks confusingly similar to TIMBERSTONE® and the TIMBERSTONE Marks in the www.playtimberstone.com domain name and associated web site constitutes a reproduction, copying, counterfeiting and colorable imitation of TM's famous TTIMBERSTONE Brand in such a manner that is likely to cause confusion or mistake among, or is likely to deceive, consumers.

69.     By using TIMBERSTONE® and the TIMBERSTONE Marks with knowledge that TimberStone owns and has used, and continues to use its service mark in connection with TimberStone's award-winning golf course in Michigan, and across the United States, IGPI has intended to cause confusion or mistake or to deceive consumers.

70.     IGPI is using marks identical or confusingly similar to TIMBERSTONE® and the TIMBERSTONE Brand mark in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or to cause mistake, or to deceive consumers as to an affiliation, connection, or association with TM or as to the origin, sponsorship, or approval of the IGPI Course, IGPI's products, services or commercial activities by TM.

71.     IGPI's use of the TIMBERSTONE® and the TIMBERSTONE Marks and marks confusingly similar to the TIMBERSTONE Marks for IGPI's Golf Course, products and services, and the Infringing Website have created a likelihood of confusion among consumers, who may falsely believe that IGPI's goods or services are in some way associated with those of TM.

72.     IGPI's use of TimberStone® and the famous TIMBERSTONE Marks, and marks confusingly similar to the TIMBERSTONE Brand have created a likelihood of confusion among consumers who may falsely believe that IGPI's domain name and Infringing Website are associated with TM or that TM sponsors or approves of IGPI's products, services or commercial activities.

73.     Upon information and belief, IGPI has and continues to  further IGPI's commercial interests by using TM's TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand with knowledge of TM's prior and superior rights in and to the TIMBERSTONE Mark, TIMBERSTONE Marks, and TimberStone® and, therefore, constitutes willful infringement.

74.     As a direct and proximate cause of IGPI's infringement, TM has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. §1125(a))

75.     TM incorporates the allegations set forth in Paragraphs 1 through 74 as if fully set forth herein.

76.     IGPI's use in commerce of TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand in connection with the IGPI Course and IGPI's business, business name, social media accounts, Infringing Content and Infringing Website constitute a false designation of origin by representing that IGPI's services are those of TM's when in fact, they are not.

77.     IGPI's unauthorized use of TIMBERSTONE® and TM's famous TIMBERSTONE Marks have created a likelihood of confusion among consumers, who may falsely believe that the IGPI Course, IGPI's business, Infringing Website, social media accounts, and domain name are in some way associated with TM.

78.     IGPI's use in commerce of TIMBERSTONE® and TM's famous TIMBERSTONE Marks with the knowledge that TM owns and has used, and continues to use, TimberStone® and the TIMBERSTONE Brand constitutes intentional conduct by IGPI to make false designations of origin and false descriptions about the IGPI Course, as well as IGPI's goods, services, and commercial activities.

79.     IGPI's use in commerce of TIMBERSTONE® and TM's famous TIMBERSTONE Marks with knowledge that TM owns and has used, and continues to use, in commerce the TIMBERSTONE Marks constitutes intentional conduct by IGPI.

80.     Unless enjoined, IGPI will continue to use TIMBERSTONE® and TM's famous TIMBERSTONE Marks for IGPI's business, Infringing Website, domain name, and will continue to commit the acts complained herein.

81.     As a direct and proximate result of such unfair competition, TM has suffered, and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III

### FEDERAL TRADEMARK DILUTION
### (15 U.S.C. §1125(c))

82.     TM incorporates the allegations set forth in Paragraphs 1 through 81 as if fully set forth herein.

83.     Through adoption and consistent and extensive use, TM's TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand name and marks have acquired fame and distinction.

84.     IGPI began using TM's famous TIMBERSTONE Marks in connection with its golf course business, business name, website, social media accounts and domain name more than a decade after TM's mark became famous through regular and consistent coverage in national magazines and publications.

85.     IGPI's use of TM's famous TIMBERSTONE Marks and TIMBERSTONE Brand has and will cause dilution of the distinctive quality of the TIMBERSTONE Marks, and will otherwise cause irreparable injury to TimberStone's business, reputation, and goodwill.

86.     Unless enjoined, IGPI will continue to use the TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand for and in connection with the IGPI Course, Infringing Website, Infringing Content, and social media, and will continue to commit the acts complained herein.

87.     As a direct and proximate result of such unfair competition, TM has suffered, and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT IV

### CYBERSQUATTING
### (15 U.S.C. §1125(d))

88.     TM incorporates the allegations set forth in Paragraphs 1 through 87 as if fully set forth herein.

89.     IGPI has registered, trafficked in, and used a domain name that is identical or confusingly similar to and dilutive of TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand, which were distinctive and famous at the time of registration of the domain name.

90.     Upon information and belief, IGPI has or has had a bad faith intent to profit from TM's TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand name and marks.

91.     As a direct and proximate cause of such conduct, TM has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT V

### VIOLATION OF ILLINOIS DECEPTIVE PRACTICES ACT
### (815 ILCS 510/2)

92.     TM incorporates the allegations set forth in Paragraphs 1 through 91 as if fully set forth herein.

93.     This action is brought pursuant to the Illinois Deceptive Trade Practices Act, Illinois Compiled Statutes Section 815 ILCS 510 *et seq.* ("IDPA").

94.     IGPI's use of TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand have created a likelihood of confusion among consumers, who may falsely believe that the IGPI Course, IGPI's business, Infringing Website, Infringing Content, and social media presence are in some way associated with TM.

95.     The unauthorized use of TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand by IGPI constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

96.     TM has been injured as a result of Defendant's commission of these unfair or deceptive acts or practices.

<u>COUNT VI</u>

<u>COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT</u>

97.     TM incorporates the allegations set forth in Paragraphs 1 through 96 as if fully set forth herein.

98.     TM has built valuable goodwill in TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand.

99.     With the full knowledge of the fame of TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand, IGPI has traded, and continues to trade, on the goodwill associated with the TIMBERSTONE Brand, and misleads the public into assuming a connection between Defendant's golf course and TimberStone.

100.    IGPI's unauthorized use of TIMBERSTONE Mark, the TIMBERSTONE Marks and TIMBERSTONE Brand are likely to and do permit IGPI to create in the general public's mind that IGPI's business is associated with, or sponsored by, TM, all to the detriment of TimberStone and the unjust enrichment of IGPI.

101.     IGPI's acts of trademark and trade name infringement cause confusion and, mislead and deceive the public as to the source of IGPI's business, and falsely suggest a connection between IGPI and TM and, will continue to do so, in violation of the common law of the State of Illinois, and to the detriment of TM and unjust enrichment of IGPI.

102.     IGPI's acts of trademark or trade name infringement have caused and will continue to cause TM irreparable harm unless restrained by this Court.  TM has no adequate remedy at law.

## COUNT VII

### INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE

103.     TM incorporates the allegations set forth in Paragraphs 1 through 102 as if fully set forth herein.

104.     On information and belief, at the time IGPI adopted and began using TM's TIMBERSTONE Mark, the TIMBERSTONE Marks and TIMBERSTONE Brand, and since that time, IGPI knew and has known that TM is in the business of providing, among others, its golf course and related services, including advertising such services on the Internet, under TimberStone®, the TIMBERSTONE Marks and TIMBERSTONE Brand.

105.     On information and belief, IGPI committed acts intended or designed to disrupt TM's prospective economic advantage arising from advertising and providing golf course services.

106.     IGPI has no legal right, privilege or justification for its conduct.

107.     As a direct and proximate result of IGPI's intentional interference with TM's prospective economic advantage, TM has suffered, and will continue to suffer, monetary damages and irreparable injury.

108. Based on the intentional, willful and malicious nature of IGPI's actions, TM is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, TM respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting IGPI, its officers, agents, servants, employees, and each and any person acting in concert or participation with them or any of them, from: (1) using TIMBERSTONE®, the TIMBERSTONE Marks, or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs in commerce or in connection with any business within International Classification 041 or for any other purpose (including, but not limited to, on websites, on domain names, as names of business entities, and social media account names or pages); and (2) registering or trafficking in any domain names containing TIMBERSTONE®, the TIMBERSTONE Mark, TIMBERSTONE Marks, and/or the TIMBERSTONE Brand, or confusingly similar various thereof, alone or in combination with any other letters, words, phrases or designs;

B. A preliminary and permanent injunction requiring the current domain name registrar to transfer the www.playtimberstone.com domain name to TM;

C. A declaratory judgment declaring that IGPI must destroy any and all items bearing TIMBERSTONE®, the TIMBERSTONE Mark, TIMBERSTONE Marks and/or TIMBERSTONE Brand;

D. A declaratory judgment declaring pursuant to Section 510/3 of the IDPA that IGPI's acts and practices violate IDPA, an injunction against IGPI from further violating IDPA by

using TM's TIMBERSTONE®, the TIMBERSTONE Marks and TIMBERSTONE Brand, and an award of damages sustained by TM, including interest, costs, and attorneys' fees;

E.       An award of compensatory, consequential, statutory, and punitive damages to TM in an amount to be determined at trial;

F.       An award of profits IGPI derived from its unauthorized service mark use;

G.       An award of interest, costs and attorneys' fees incurred by TM in prosecuting this action; and

H.       All other relief to which TM is entitled.

Dated:       July 18, 2014

Respectfully submitted,

By:       s/ Mary Nikezic
          One of Its attorneys

          James L. Webster jwebster@lawwp.com
          Harlan C. Powell hpowell@lawwp.com
          Mary Nikezic mnikezic@lawpwp.com

          Webster Powell, P.C.
          320 West Ohio Street, Suite 501
          Chicago, Illinois  60654
          P.: 312.587.8800
          F.: 312.587.8808

          *Attorneys for TimberStone Management, LLC*